THE PEOPLE, upon the relation of JENKINS *a*. THE PARKER VEIN COAL COMPANY.

*Supreme Court, First District; General Term, December,* 1854.

MANDAMUS.—TRANSFERS OF STOCK.

A mandamus will not be granted, to compel a moneyed corporation to make transfers of stock.

This writ is only allowed for the purpose of enforcing a public duty owed to the State in which it issues.

Application for a mandamus.

The facts on which the application was based appear sufficiently in the opinion of Mr. Justice Mitchell.

MITCHELL, J.—The complainants show that they own stock in the Parker Vein Coal Company, and have sold shares of it held by them, and bought other shares, and that the Company refuses to allow them to transfer the shares on the books of the Company. The complainants applied at special term for a mandamus to compel the Company to allow the transfer in both cases. The motion was denied, and they appeal.

A similar application in Shipley *a.* The Mechanics' Bank, (10 *Johns. R.*, 484), in the year 1813, and denied. The court said that the applicants had an adequate remedy by an action on the case,—that it was not a matter of public concern, and there could be no necessity of possessing the identical property, as in the case of a favorite chattel, *pretium affectionis*,—and that by recovering the market value of the shares, they could be replaced. These are all good reasons, and equally applicable to this case. The same decision was again made in 1843, in the matter of the Firemen's Insurance Co. *a.* The Commercial Bank of Albany, (6 *Hill*, 243), and on the ground that when a corporation improperly refuses to transfer stock, the party injured has an ample, though not a special remedy by action. When the applicant has such remedy, and is a private person, he is left to that relief, unless he claim a right to exercise an office, perform a public service, or exercise a

franchise, or the defendant holds a public office and neglects to perform a duty prescribed by law, and which is imposed for the public benefit, and is not a mere private right. Of the last class was the case of the People v. Shile, (2 *Barb. S. C. R.*, 397 ; and see the remarks of Lord Mansfield as quoted by Judge Edmonds there, at p. 417).

The case of Kortwright v. The Buffalo Commercial Bank, (20 *Wend.*, 91, aff'd 22 *Wend.*, 348), and of Pollock v. The National Bank, (3 *Seld.*, 274), show that the remedy by action is effectual and readily obtained.

It is said that the action will be only a sort of suicide, as the stockholders would be sueing themselves. The fact that the applicants own other stock cannot be a foundation for giving them a remedy refused to all other parties whose stock the company will not transfer. If, as suggested, the company is insolvent, the applicants will be better off in a suit where they recover damages and hold the judgment as creditors, than if they compelled a transfer of the stock, and so were to be postponed to all creditors. If the company is solvent, the damages which they will recover, will be a full compensation for all the injury which they sustain by loss of the stock.

There is also another difficulty in this application. The mandamus partakes of the character of a *public* writ—one in which the people are someway interested,—and it has never been allowed except for the purpose of controlling those who owe a public duty to the State in which it issues. This Company is incorporated in Maryland, and although it has an officer here, and may be sued here on its contracts and obligations to individuals or others, yet it does not owe *allegiance* or *public* duties to this State, or according to the laws of this State, but to the State of Maryland according to the laws of that State. If it violates its charter, the remedy should be in Maryland and not here. On *quo warranto*, its charter could not be taken away here—and while it does not violate any law of our State, the State should not interfere with it.

The order appealed from is affirmed with costs.

MORRIS, J.—In an elaborate opinion based upon the merits of the application and not discussing the question of practice involved, concurred in refusing the writ.