STATE, SAMUEL GALBRAITH, PROSECUTOR, v. PEOPLE'S BUILDING AND LOAN ASSOCIATION OF CAMDEN.

The purchaser of shares in a building and loan association is not entitled to a *mandamus* to compel the association to transfer them to him on their books. He has an adequate remedy in a suit for damages.

On application for *mandamus*.

Argued at February Term, 1881, before Justices VAN SYCKEL and MAGIE.

For the relator, *S. H. Grey.*

For the defendant, *P. L. Voorhees.*

The opinion of the court was delivered by

VAN SYCKEL, J. The relator having purchased twenty-five shares of the stock of the defendant association, standing on its books in the name of Charles Mayhew, applied to said association for a transfer of the shares on the books.

The defendant refused to accede to this request, and thereupon the relator applied for a *mandamus* to enforce compliance with his demand.

Mr. High, in his work on Extraordinary Remedies, § 313, states the rule as follows: "In conformity with the general principle that *mandamus* will not lie where other adequate and specific remedy may be had at law, the courts refuse to lend their interference by this extraordinary writ, for the pur-

pose of compelling the transfer to a purchaser of shares of capital stock upon the books of an incorporated company, or to compel a company to issue certificates of stock."

The doctrine of the text is supported by the clear weight of authority.

In *Rex* v. *Bank of England, Doug.* 524, Lord Mansfield refused a *mandamus* to compel the transfer of stock, on the ground that an action will lie for complete satisfaction, equivalent to a specific relief.

This case was cited, and its authority recognized, in *Shipley* v. *Mechanics' Bank,* 10 *Johns.* 484, where the court says: "The applicants have an adequate remedy, by special action on the case, to recover the value of the stock. There is no need of the extraordinary remedy in so ordinary a case. It might as well be required in every case where trover would lie."

This rule is firmly established in New York. *Kortright* v. *Buffalo Com. Bank,* 20 *Wend.* 91 ; *S. C., in error,* 22 *Wend.* 348 ; *Ex parte Firemen's Ins. Co.,* 6 *Hill* 243.

The rule that *mandamus* will be allowed only in those cases where there is no other specific legal remedy, has been applied with equal stringency in this state. *State* v. *Holliday,* 3 *Halst.* 205 ; *Morgan* v. *Monmouth Plank Road,* 2 *Dutcher* 99.

The case of *Apgar* v. *School Trustees,* 5 *Vroom* 308, was no departure from the recognized rule. There the money to pay the relator for her services as a school-teacher had been collected by taxation, and was in the hands of the officer charged with its payment. He was properly compelled to appropriate the fund to the purpose for which it had been raised.

Unless this case is of such exceptional character that damages recoverable in a suit at law will not adequately compensate the relator for the loss of his stock, the writ must be denied. There are some features peculiar to these associations which distinguish them from other stock companies; but they do not render it impracticable to estimate fairly the value of the shares at any time so as to remunerate the owner of them in damages for their loss, nor do these peculiarities,

Freeholders of Union v. Freeholders of Essex.

in my judgment, furnish a sufficient reason for engrafting an exception upon a well-settled rule of law. Exceptions always, to some extent, render a rule uncertain, and should not be favored unless clearly essential to the promotion of justice.

The mandatory writ should be refused.