JAMES B. REILLY

*v.*

ABSECON LAND COMPANY et al.

[Submitted and decided November 6th, 1908.]

1. A sale of corporate stock, accompanied by a delivery of the certificate and power of attorney authorizing its transfer on the books of the corporation, is valid as against a creditor of the seller, and gives the buyer a precedence over subsequent judgments, executions, and attachments procured by creditors of the seller, though a by-law of the corporation provides that its stock shall be transferable only on its books.

2. A sale of corporate stock, accompanied by a delivery of the certificate and power of attorney authorizing its transfer on the books of the corporation, deprives the seller of any interest therein subject to attachment, though a transfer on the books of the corporation has not been applied for or made.

3. Where a buyer of corporate stock, accompanied by delivery of the certificate and power of attorney authorizing its transfer on the corporate books, failed for a long time to demand a transfer on the books of the corporation, and during the interval the stock was levied on and sold in attachment proceedings against the seller, the court would require him to indemnify the corporation against loss as a condition precedent to a decree requiring the corporation to transfer the stock to him on its books.

4. The fact that an officer holding a writ of attachment under which corporate stock which had been sold by the debtor to a third person was levied on and sold, directed the corporation to issue to the purchaser at the sale under the attachment proceedings a certificate of stock did not prevent the enforcement of the right of the third person to have a transfer to himself of the stock on the corporate books.

5. Equity will compel a transfer on the books of a corporation of stock to a buyer thereof, on the theory that the buyer is the equitable owner, and seeks to consummate a legal title.

On bill, answer, replication and proofs.

One Wills was the owner of certain capital stock of defendant corporation and sold the same to complainant. At the time of the sale Wills delivered to complainant the certificate representing

the shares and executed on the back of the certificate the usual assignment and irrevocable power of attorney authorizing its transfer on the books of the company. Complainant now surrenders the certificate to defendant company and seeks to compel the company to issue to him a new certificate in lieu thereof.

The defence which is interposed arises by reason of an attachment having been issued against complainant's assignor. After the stock had been sold by Wills to complainant, and before a transfer had been applied for or made on the books of the corporation, an attachment was issued against Wills and levied upon the stock by notice to the secretary of the corporation; subsequently a sale of the stock was made under the attachment levy and one Lewis became the purchaser. After the sale the officer holding the writ gave notice to the secretary of the corporation that Lewis had become the purchaser at the sale and requested the secretary to "turn over" to Lewis the certificate. A new certificate was then issued by the corporation to Lewis as purchaser at the sale under the attachment. Subsequently (about a year after complainant purchased his stock), Lewis sold the stock so acquired by him to defendant Stewart, and Lewis, having lost the certificate issued to him, indemnified the corporation against loss and a new certificate was issued by the corporation to defendant Stewart who now holds it. Complainant had no knowledge of the attachment or the subsequent transfers until he presented the certificate received by him from Wills for transfer upon the books of the company, when he was then informed by the secretary of the corporation of the matters above recited and the request for transfer was refused. Neither Lewis nor defendant Stewart knew of the sale from Wills to complainant; but defendant Stewart knew that the stock which he purchased had been acquired by his vendor under an attachment sale. The by-laws of defendant company contain the usual provision to the effect that the stock of the company shall be transferable only on the books of the company.

*Messrs. Godfrey & Godfrey,* for the complainant.

*Mr. Eli H. Chandler,* for the defendant Stewart.

LEAMING, V. C.

Some courts have held that a sale of corporate stock accompanied by a delivery of the certificate and usual power of attorney, without further steps toward completing the transaction by notice of the transfer to the company or by causing an actual transfer to be made on the books of the company, is presumptively fraudulent, and therefore invalid as against judgment or attaching creditors of the assignor. A different rule, however, must be regarded as settled in this state. Our courts have uniformly held that such a sale is valid as against creditors of the assignor, and that the sale gives the assignee a precedence over subsequent judgments, executions and attachments procured by creditors of the assignor. The provisions touching transfers on the books of the company are held to be intended for the protection of the company. It is manifest that such provisions cannot be easily considered as intended to have the effect of recording statutes for the protection of creditors of stockholders, for the public at large is not entitled to access to the stock books of our corporations. *Broadway Bank* v. *McElrath, 13 N. J. Eq. (2 Beas.) 24; Hunterdon County Bank* v. *Nassau Bank, 17 N. J. Eq. (2 C. E. Gr.) 496; Mt. Holly, Lumberton and Medford Turnpike Co.* v. *Ferree, 17 N. J. Eq. (2 C. E. Gr.) 117; Prall* v. *Tilt, 28 N. J. Eq. (1 Stew.) 479; Matthews* v. *Hoagland, 48 N. J. Eq. (3 Dick.) 455, 490.* As a valid title to the stock had passed from Wills to complainant at the time the attachment against Wills was issued, it necessarily follows that there could be no interest in Wills subject to attachment and no title conferred by the attachment sale.

It is urged in behalf of the corporation that it should be protected, as it has issued a certificate to the purchaser at the sale under the attachment and a subsequent certificate to defendant Stewart. I cannot see that the corporation is in danger of loss. The purchaser at the sale under the attachment knew, in the light of the adjudications already cited, that his purchase was void as against any *bona fide* purchaser of the stock prior to the date of the levy of the attachment. Defendant Stewart also knew that the interest which he was purchasing had been acquired under the attachment proceedings, and defendant company was indemni-

fied against loss by reason of the certificate issued to him. But inasmuch as the provisions touching a transfer on the books of the corporation are for the protection of the corporation and some danger of loss to the corporation may exist, I think it proper to impose terms upon complainant to the effect that he indemnify the corporation against loss arising from the issuance of the certificates now sought by complainant. The long delay of complainant in presenting his certificate for transfer on the books of the corporation seems to make these terms appropriate.

There was no statutory authority for the direction given by the officer holding the writ requesting the company to issue a new certificate to the purchaser, and that direction can afford no obstacle to the enforcement of complainant's rights at this time.

This court will exercise jurisdiction to compel a transfer on the books of a corporation in a case of this nature on the theory that complainant is the equitable owner and seeks to consummate a legal title. *Archer* v. *American Water Works Co., 50 N. J. Eq.* (*5 Dick.*) *33, 50.*

I will advise a decree for complainant, pursuant to the prayer of the bill, with terms imposed as above stated.