PEOPLE ex rel. ROTTENBERG v. UTAH GOLD & COPPER MINES CO.

(Supreme Court, Appellate Division, First Department. December 10, 1909.)

1. MANDAMUS (§ 126*)—CORPORATE STOCK—TRANSFER ON BOOKS.

Mandamus will not lie to compel a corporation to transfer stock on its books; relator's title being perfect on delivery to him of the certificate properly indorsed, the registration only giving a further evidence of title and insuring payment of any dividends, and the remedy at law by action for damages being available.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 261; Dec. Dig. § 126.*]

2. MANDAMUS (§ 1*)—DEFINITION.

Mandamus is a writ issuing in the name of the people, originally instituted for the purpose of correcting official inaction and to compel the performance of some legal duty; and although it has been extended by the court from time to time, and has been held to lie where formerly it was thought not to apply, it has not been, nor should it be, extended to obtain property or to furnish evidence of title to property, that the owner may be more certainly possessed of it, or that it may be more conveniently transferred by him.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 1–3; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 5, pp. 4323–4330; vol. 8, pp. 7714, 7715.]

3. MANDAMUS (§ 129*)—STOCKBOOK OF CORPORATION—EXHIBITION—PUBLIC RIGHT.

Mandamus will lie to compel a corporation to exhibit its stockbook to a stockholder; it being a public right given by statute.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 264; Dec. Dig. § 129.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

4. MANDAMUS (§ 129*)—BUSINESS BOOKS OF CORPORATION—INSPECTION.

Mandamus lies to compel a corporation to allow an inspection of its business books by stockholders, because of the general visitorial powers of the court over the affairs of business corporations, which are given life by favor of the people, and because the stockholder has no remedy at law, as he can show no injury.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 264; Dec. Dig. § 129.*]

Appeal from Special Term, New York County.

Mandamus by the People, on the relation of Julius Rottenberg, against the Utah Gold & Copper Mines Company, to compel the transfer of certain stock on the corporate books. From an order granting a peremptory mandamus, the Utah Company appeals. Reversed, and motion denied.

Argued before INGRAHAM, McLAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Edward B. Merrill, for appellant.
Samuel D. Levy, for respondent.

HOUGHTON, J. Relator claims to be the owner of 1,000 shares of stock of the defendant corporation, evidenced by certificates held by him indorsed in blank, and for the purposes of this discussion we assume he is the absolute owner thereof. He produced his certificates and offered to surrender them, and demanded that such stock be transferred on the books of the defendant to himself. The defendant refused to make such transfer, and the relator has procured a peremptory mandamus requiring it so to do.

We think mandamus will not lie to compel a corporation to transfer stock on its books, and that relator's only remedy is by action. Good title to stock can be passed by transfer in blank and delivery of the certificates. The object of transfer upon the books of the corporation is to obtain further evidence of title for the purpose of transfer and to insure the payment of dividends to the actual owner. If a corporation refuses to transfer, it is but the denial to the holder of an individual right, and no one is affected but himself. The remedy by mandamus, which is a writ issuing in behalf of the people, originally instituted for the purpose of correcting official inaction and to compel the performance of some legal duty, has been extended by the courts from time to time, and it has been held to lie in many instances where it was formerly thought it did not apply; but it has not been extended, and ought not to be extended, to obtain a mere article of property or to furnish evidence of title to property, so that it may be more certainly possessed by the owner or more conveniently transferred by him. It was expressly held in People ex rel. Krohn v. Miller, 39 Hun, 557, affirmed 114 N. Y. 636, 21 N. E. 1120, Morris Shipley v. Mechanics' Bank, 10 John. 484, and in People ex rel. Jenkins v. Parker Vein Coal Co., 1 Abb. Pr. 128, that mandamus would not lie to compel the transfer of stock upon the books of a corporation, and our attention has not been called to, nor have we been able to find, any authoritative decision in this state to the contrary.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1' 07 to date, & Rep'r Indexes

. It is true that in Matter of Steinway, 159 N. Y. 250, 53 N. E. 1103, 45 L. R. A. 461, it was held that mandamus would lie in behalf of a stockholder to compel, in a proper case, the inspection of the general books of a corporation, and it is the universal practice to issue a mandamus to compel a corporation to exhibit its stock book to a stockholder. ·People ex rel. Callanan v. K., etc., Railroad Co., 106 App. Div. 349, 94 N. Y. Supp. 555; People ex rel. Fennelly v. United Copper Co., 110 App. Div. 892, 96 N. Y. Supp. 1141, affirmed 184 N. Y. 578, 77 N. E. 1194. With respect to the stock book of a corporation, the statute specifically commands that the stockholder shall be permitted to inspect it. It is therefore a public right, given to all stockholders. In regard to the inspection of the business books of a corporation, mandamus is held to lie, because of the general visitorial powers of the court over the affairs of even business corporations, which are given life by favor of the people. Henry v. Babcock & Wilcox Co. (decided Nov. 9th, 1909) 89 N. E. 942. Besides, a stockholder has no remedy at law for the refusal to inspect books, because he can show no injury. An action will, however, lie against a corporation which wrongfully refuses to transfer stock. Ex parte Firemen's Ins. Co., 6 Hill, 243; Cushman v. Thayer Mfg. Jewelry Co., 76 N. Y. 365, 32 Am. Rep. 315; Commercial Bank of Buffalo v. Kortright, 22 Wend. 348, 34 Am. Dec. 317.

It follows that the mandamus was improperly issued, and the order should be reversed, with $10 costs and disbursements, and the motion denied, with· $10 costs. All concur.

===

PEOPLE v. KENNY.

(Supreme Court, Appellate Division, First Department. December 10, 1909.)

LARCENY (§ 3*)—INTENT.

> [Ed. Note.—For other cases, see Larceny, Cent. Dig. §§ 6, 8; Dec. Dig. § 3.*

> For other definitions, see Words and Phrases, vol. 5, pp. 3991–4003.]

> Laughlin, J., dissenting.

Appeal from Court of General Sessions, New York County.
·Frank Kenny was convicted of petit larceny, and appeals. Reversed, and new trial ordered.

See, also, 118 N. Y. Supp. 1132.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

· John J. Cunneen, for appellant.
Robert C. Taylor, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes