EDWIN J. MORRIS

*v.*

HUSSONG DYEING MACHINE COMPANY et al.

[Decided April 22d, 1913.]

1. A claimant of certain shares of stock in a corporation under two assignments, the first executed by H., as assignor and record holder, to one W., constituting him attorney of H., irrevocable with power to transfer on said books, and "with power of substitution, and the second executed by W. to the claimant, in identical terms with the first, is entitled to make and is entitled to access to the company's transfer books for the purpose of making the actual transfer thereon."

2. A by-law of the corporation providing that "shares of capital stock may be transferred by endorsement of the certificate and its surrender to the secretary for cancellation, whereupon a new certificate shall be issued to the transferee by the board of directors," cannot be so construed as to require an actual transfer on each assignment.

3. Under the decisions of this state the holder of a certificate of stock accompanied by an irrevocable power of attorney, either filled up or in blank, may fill up the letter of attorney, execute the power and thus obtain legal title to the stock, and such power is not limited to the person to whom it was first delivered, but enures to each *bona fide* holder into whose hands the certificate and power may pass.

4. The failure or refusal by a secretary to accept the certificate tendered, or act in the matter as required by the by-law, is such a refusal as entitled the transferee to compel a transfer.

5. H., as secretary, and also as still the shareholder on the books under the assignments is a proper party defendant in a suit to compel such transfer, as is also the treasurer under section 19 of the General Corporation act, who is required to sign the new certificate.

6. Upon a bill by the transferee against the corporation and its treasurer, and H., as assignor, to compel the company to transfer said shares to complainant on the books of the company and to issue to him a new certificate therefor, the bill alleged that such by-law was invalid and prayed that it be declared void, the demurrant as ground of demurrer claimed that under said by-law the board of directors has the right in its discretion to refuse to admit a transfer of shares as a stockholder.— *Held*, that section 20 of the General Corporation statute, declaring shares to be personal property and to be made transferable on the books in such manner and under such regulation as the by-laws prescribed, gives to the directors only power to regulate or approve the formalities of trans-

fer of the certificate or evidence of ownership, and not power to restrict the absolute right of transfer.

7. In the absence of clear express provisions either in the articles or by-laws lawfully restricting or qualifying this absolute right of property and transfer, the owner has the same right to transfer his shares as to transfer any other property. If, however, this by-law should be construed as not confined merely to approval of the formalities of transfer, but as giving the directors the right to refuse, in their discretion, a transfer by one stockholder to another, then the by-law is illegal.

8. The right to equitable relief is based on the fact that the complainant's title under the assignments is an equitable title only, as between him and the company, and equitable relief is necessary to acquire the legal title and rights to the shares transferred.

9. H., as the assignor, is a proper party defendant to a suit against the company, being interested as the alleged assignor, and is entitled to have the transfer made on the books relieving himself and subjecting the complainant's obligations to the company as the legal and record holder of the stock.

On demurrer to bill.

*Messrs. Grey & Archer,* for the demurrants.

*Messrs. French & Richards,* for the complainant.

EMERY, V. C.

This bill, which is demurred to, is filed by the purchaser of shares of stock in a corporation against the corporation itself, The Hussong Dyeing Machine Company, and two individual defendants, William McK. Morris and Joseph Hussong. The general object of the bill is to compel the company to transfer these shares to complainant on the books of the company and to issue to him a new certificate therefor. The following facts appear in the bill:

The corporation was organized under the general corporation law on October 12th, 1907, and the complainant, Edwin J. Morris, and the said William McK. Morris and Hussong, were stockholders and the only directors of the company from the time of the organization of the company. At the time of the filing of the bill, the other officers of the company were, the complainant, president, William McK. Morris, treasurer, and Joseph Hussong, secretary. Complainant, in August, 1911,

purchased of Hussong all his stock, being two hundred and fifty shares, and received the certificate thereof, with the transfer thereon endorsed "duly made and executed," as alleged in the bill, and transferring the shares to one David Wiley and constituting him attorney of Hussong to transfer the shares on the books of the company, with full power of substitution in the premises. Complainant applied to the company and to defendant, Morris, the treasurer, and Hussong, the secretary, demanding that they transfer these shares on the books of the company from Hussong to Wiley, and they refused. Complainant also requested the issue of a new certificate to Wiley, which request defendant Morris refused. On February 23d, 1912, Wiley assigned and transferred the certificate to complainant and constituted complainant his attorney to make the transfer on the books of the corporation, and on February 24th, 1912, complainant presented the original certificate with these transfers to Hussong, as secretary of the company, and demanded a new certificate tendering the original certificate for surrender. Hussong declined to act, claiming that he had no longer anything to do with the company, and referred complainant to defendant Morris and his counsel. Demand was subsequently made on defendant Morris for the transfer to complainant upon the surrender of the old certificate which was tendered for that purpose. This demand was made and subsequently refused through defendant Morris's counsel. The assignment to Wiley was filled up on the printed form endorsed on the certificate and, as appears by the bill, the assignment by Wiley to Morris is in identical terms with the first assignment. In reference to the transfers of stock a by-law, section 3, provides:

"Shares of capital stock may be transferred by endorsement of the certificate and its surrender to the secretary for cancellation, whereupon a new certificate shall be issued to the transferee, if approved by the board of directors."

The certificate in this case was tendered for cancellation to the secretary, and as the new certificate is to be issued on the surrender of the old certificate, he is presumably the proper

officer to supervise the transfer on the books and the delivery of the new certificate. There are, so far as appears, no express provisions of the articles of incorporation or by-laws restricting or attempting to restrict the ownership of stock, or the personnel of the membership in the corporation, or fixing the terms or conditions of the directors' approval. It appears moreover by the bill, that there has never been a meeting of the directors since about the time of the organization. Complainant attacks the by-law as null and void, so far as it requires the approval of directors to a transfer, and the bill is filed to compel the transfer of the stock to him, as well as to set aside the by-law as null and void.

The *first* substantial ground of demurrer set up is that complainant was not entitled, under these two assignments, to an issue of stock directly to himself, but that a transfer to Wiley himself on the books of the company and an issue of the new certificate to Wiley was first necessary under the first assignment. This claim overlooks the fact that the first assignment to Wiley constituted him attorney irrevocable with power to transfer on the books and "with power of substitution." This gave Wiley power, on his subsequent assignment, to substitute complainant as his agent to make the actual transfer on the books, and by the bill it appears that Wiley did so. This transfer, under the second assignment, complainant is entitled to make, and is entitled to access to the transfer book for that purpose. Authorities referred to by counsel as holding that where a corporation requires that the power of attorney run directly from the former holder and not from an intermediate one—there must be an actual transfer on each assignment— are not applicable, for this by-law cannot be so construed.

Under our decisions, the holder of a certificate of stock accompanied by an irrevocable power of attorney, either filled up or in blank, may fill up the letter of attorney, execute the power and thus obtain legal title to the stock, and such power is not limited to the person to whom it was first delivered, but enures to each *bona fide* holder into whose hands the certificate and power may pass. *Prall* v. *Tilt (Court of Errors and Appeals, 1877), 23 N. J. Eq. (1 Stew.) 479, 483, 484.* The failure

or refusal of the secretary to accept the certificate tendered, or act in the matter as required by the by-law, is such a refusal by the company as entitled the transferee to compel a transfer. Hussong, as secretary, and also as still the shareholder on the books under the assignment alleged in the bill, is properly a defendant in the suit, as is also William McK. Morris, who as treasurer must, under Corporation act, section 19, sign the new certificate along with the complainant, the president.

The *second* and main ground of demurrer relied on is, that under this by-law all transfers of stock to any transferee are subject to the approval of directors, and that until such approval is given by the board of directors no transfer can be compelled. The bill alleges that this by-law is invalid, and prays that it be declared void. It is claimed by defendants that under this by-law the board of directors has the right in its discretion to refuse to admit a transferee of shares as a stockholder.

Shares of stock in a corporation are, by the Corporation act, section 20, declared to be personal property, and are made transferable on the books in such manner and under such regulations as the by-laws prescribe. But the certificates of stock, regulation for the transfer of which may be made by the by-laws, are only the evidence of the shareholders' rights in the company, and are not themselves the property of the company in which the shareholder has rights. *Bijur* v. *Standard Distilling and Distributing Co. (1905), 74 N. J. Eq. (4 Buch.) 546;* affirmed on appeal for reasons stated, *78 N. J. Eq. (8 Buch.) 582.*

This section of the act must therefore be considered as giving to the directors only power to regulate or approve the formalities of transfer of the certificate or evidence of ownership, and not as giving power to restrict the absolute right of transfer. In the absence of clear express provisions either in the articles or by-laws lawfully restricting or qualifying this absolute right of property and transfer, he has the same absolute right to transfer his shares as to transfer any other personal property. If, however, this by-law should be construed as not confined merely to approval of the formalities of transfer, but

as giving the directors the right to refuse, in their discretion, a transfer by one stockholder to another, then the by-law is illegal. It is clearly in restraint of trade and violates the general laws relating to the right of transfer of personal property, and is void as unreasonable. *5 Am. & Eng. Encycl. L. (2d ed.) 93.* Some authorities are cited sustaining provisions in charters or by-laws, expressly providing for a prior offer of sale to the company, or submitting to directors the name of the transferee for approval. But the weight of authority and—in my judgment—the better rule, seems to be against the validity of such provisions, as being an unreasonable restraint of alienation. And no case has been cited which sustains any restriction of this character as giving power to the directors or stockholders to refuse transfers by one stockholder to another existing stockholder. So far as restrictions provide for giving directors control over the membership of a corporation, by requiring their approval of the name of a transferee, they are manifestly applicable only to an original membership. If applied in the discretion of directors for the purpose of controlling or affecting the right of an existing stockholder to acquire further stock, such restrictions are not only unreasonable restraints of trade, but are unreasonable and illegal for the additional reason, that such application of the by-law would put it in the power of a board of directors to continue indefinitely their own control of the management.

The right to relief in this court, if the directors under this by-law are not entitled to withhold approval, and complainant is entitled to a transfer, was not disputed at the hearing. The right to equitable relief is based on the fact that the complainant's title under the assignments is an equitable title only, as between him and the company, and equitable relief is necessary to acquire the legal title and rights on the shares transferred. Hussong, as the assignor, is a proper party defendant to a suit against the company, being interested as the alleged assignor, and as entitled to have the transfer made on the books, relieving himself and constituting complainant to the obligations to the company as the legal and record holder of the stock.

The demurrer will be overruled.