HARRY HEUSER, PLAINTIFF-RESPONDENT, v. LOUIS K. REILLY, COMMISSIONER OF BANKING AND INSURANCE IN CHARGE OF THE LIQUIDATION OF THE MECHANIC'S TRUST COMPANY, TIMOTHY F. McCARTHY, COLLECTOR OF REVENUE OF THE CITY OF BAYONNE, DEFENDANTS, AND ABRAM S. TURTELTAUB AND LEO TURTELTAUB, TRADING AS S. TURTELTAUB SONS, DEFENDANTS-APPELLANTS.

Submitted May 5, 1942—Decided July 10, 1942.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the plaintiff-respondent, Alfred Brenner.

For the defendants-appellants, Wall, Haight, Carey & Hartpence (Edward J. O'Mara, of counsel).

The opinion of the court was delivered by

PORTER, J.  This appeal is from a judgment for the plaintiff for personal injuries against the defendants-appellants, Abram S. Turteltaub and Leo Turteltaub trading as S. Turteltaub Sons.  There was a nonsuit as to the other defendants. The denial by the trial court of motions by appellants for nonsuit and directed verdict are the sole grounds argued on this appeal.

The action is by a tenant against the agents in charge of the demised premises based upon the allegation that the agent was negligent in making repairs, having assumed that duty, by reason of which negligence the injuries were sustained.  The demised premises consisted of an apartment of five rooms on the second floor of a two-story building in Bayonne.  The plaintiff fell out of one of the windows of his apartment to the sidewalk and suffered a broken leg and and other lesser injuries.  The facts relating to the circumstances of the fall and of any condition of disrepair of the premises or of the promise of appellants to repair are sharply disputed.  The appellants deny that any repairs were promised or made to any of the front windows, one of which is in question, or that after plaintiff's fall there was anything in or about the window broken or in need of repair or in fact that it was later repaired.  However, that may be, the plaintiff's testimony, which for present purposes must be assumed to be true, is that all of the six front windows were loose and falling apart and that at his request appellants had them repaired; that a carpenter made the repairs by nailing the windows and frames the month before the accident.  It appears that the plaintiff purchased full length outside window screens and requested appellants to have them installed but was told that the carpenter was too busy and was requested to install them himself and that an allowance on the rent of $5 would be made.  It was while putting up these screens that the plaintiff fell.  He says  that he had installed five and was at work on the last one at the time. He was on a step ladder in the room alongside of the window, both sashes were down, he had put on the lower hinge and was nailing on the upper one to the right side of the window

about one-third from the top with his left hand while holding on to the moulding with his right hand. This moulding was a vertical one on the outside of the building two or three inches from the window frame. The moulding suddenly gave way and caused him to lose his balance and fall through the window opening to the ground breaking the glass in both sashes and the sashes also.

The only testimony of the condition of disrepair of the windows was that of the plaintiff and of his wife. Neither of them had known that the moulding was in need of repair nor had they requested that it be repaired. Their complaints were confined to the windows. The plaintiff's wife said that after the accident she observed that the moulding was rotten and spongy where it had broken. We search the proofs in vain for any testimony that the fall was caused in any way by the window sashes or frames, whether in good repair or otherwise. The proximate cause of the fall doubtless from the testimony was the rotten and spongy condition of the outside moulding which was not sufficiently strong to bear the strain put upon it by the plaintiff when he grasped it to steady himself while at work on the screen. If in falling his body broke the window glass and sashes (which is denied) that fact under the circumstances can have no bearing on the cause of the fall.

The case is predicated on the allegation that the appellants upon request assumed the duty of making repairs to these windows and window frames and were guilty of wrongful omission to exercise reasonable care in doing so and that the proximate cause of the plaintiff's fall and resulting injuries followed. We think that there was no evidence to support this allegation and that the trial court erred in submitting it to the jury.

In making repairs to the windows and window frames the appellants were under no greater duty than to use reasonable care to repair them so that they would be reasonably fit for the purpose for which they were intended. And, even if in making those repairs some repairs were also made to the moulding, of which there is some testimony by the plaintiff's wife, the duty clearly did not require that this moulding be

made strong enough to withstand the strain put upon it by the plaintiff. The testimony does not show for what purpose this moulding was installed but we may infer that it was for ornamental purposes or as a shield to the weather. Obviously, however, the moulding was not placed there for the use to which the plaintiff put it. Compare *Egan* v. *Krueger*, 103 *N. J. L.* 474; *Saunders* v. *Eastern Hydraulic Brick Co.*, 63 *Id.* 554; *Gavin* v. *O'Connor*, 99 *Id.* 162.

We conclude, therefore, that it was error for the court to have submitted this case to the jury and the judgment under review must be reversed.