72 N.J. Super. 306 (1962)
178 A.2d 247
GEORGE TRAD, PLAINTIFF,
v.
ROBERT D. HODES AND LENA HORNE BEAUTY PRODUCTS, INC., A CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Argued January 12, 1962.
Decided January 30, 1962.
*307 Mr. Harold H. Fisher argued the cause for plaintiff (Messrs. Shanley & Fisher, attorneys).
Mr. Irving L. Hodes argued the cause for defendants (Messrs. Hodes & Hodes, attorneys).
*308 MATTHEWS, J.C.C. (temporarily assigned).
This is a proceeding in lieu of prerogative writ (mandamus) in which plaintiff, who is a stockholder in defendant corporation, seeks judgment directing defendant transfer agent to transfer shares of stock owned by plaintiff on the books of the corporation.
There is no dispute concerning plaintiff's status as a stockholder in defendant corporation. The controversy here arises out of the existence of a certain legend transcribed upon each certificate of stock in defendant corporation held by plaintiff. This legend reads as follows:
"These shares have been acquired without registration under the Securities Act of 1933 and accordingly may not be sold without being registered or in reliance of an opinion of counsel that such shares are exempt from registration."
In this action, defendant transfer agent does not contest the rights of plaintiff in the shares of stock. He states that he stands willing to make such transfers as plaintiff may direct, providing certificates issued as a result thereof bear the legend as aforementioned. Plaintiff denies the right of the transfer agent to insist upon such a proceeding. In support of this denial, he contends that he has obtained written opinion from counsel which concludes that any transaction in the corporate shares made by him is an exempted transaction within the meaning of the legend inscribed on the certificates of stock.
There can be no dispute but that this court has no jurisdiction to determine the exempt or nonexempt nature of any transactions in the corporate shares involved here under the Securities Act of 1933. (15 U.S.C. § 77a et seq., 15 U.S.C.A. § 77a et seq.). The field of securities regulations insofar as it involves these questions has been pre-empted by the Congress, and jurisdiction over such matters must necessarily lie in the appropriate federal regulatory agencies or the federal courts.
*309 The use of the prerogative writ of mandamus to compel a registration transfer of corporation shares has been rejected in some jurisdictions and severely restricted by other courts. See People ex rel. Rottenberg v. Utah Gold & Copper Mines Co., 135 App. Div. 418, 119 N.Y.S. 852 (App. Div. 1909); Soltz v. Exhibitors' Service Co., 334 Pa. 211, 5 A.2d 899 (Sup. Ct. 1939). The rule in New Jersey appears to be such that the remedy of mandamus (and, therefore, under present day practice, the proceeding in lieu of mandamus) will not be available in every case. In Galbraith v. Peoples' Building & Loan Association, 43 N.J.L. 389 (Sup. Ct. 1881), an action in which plaintiff sought mandamus to enforce compliance with his demand to have twenty-five shares of stock in defendant association which he had purchased from another transferred to his name, our former Supreme Court held that unless the case was of such exceptional character that damages recoverable in a suit at law would not adequately compensate the relator for the loss of his stock, the writ of mandamus must be denied. In short, the rule applicable to such proceedings, as presented here, seems to be that mandamus will not lie unless the issue between the parties be clear and there is no other satisfactory remedy available.
In the controversy between the parties presently before the court, plaintiff's claim of right depends upon his status under the Securities Act of 1933, a determination which can not be made by this court. Defendant transfer agent claims to be ready and willing to make a transfer providing assurances can be given to him and defendant corporation that no liabilities will be visited upon either under that federal act. In this posture of affairs, the issue between the parties insofar as an unrestricted transfer of the shares is concerned is not clear. See Galbraith v. Peoples' Building & Loan Association, supra.
In view of these considerations, the order to show cause is discharged without cost.