81 N.J. Super. 180 (1963)
195 A.2d 210
WELLAND INVESTMENT CORPORATION, PLAINTIFF,
v.
THE FIRST NATIONAL BANK OF JERSEY CITY AND MERCURY PHOTO CORP., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided October 31, 1963.
*181 Mr. Gerald W. Conway for plaintiff (Mr. Sidney M. Schreiber and Messrs. Schreiber, Lancaster & Demos, attorneys).
Mr. James A. Hession for defendant The First National Bank of Jersey City (Messrs. O'Mara, Schumann, Davis & Lynch, attorneys).
*182 Mr. Norman Malzberg for defendant Mercury Photo Corp. (Messrs. Stone & Weil, attorneys).
MATTHEWS, J.S.C.
This matter comes before me on cross-motions for summary judgment brought by plaintiff on the one hand, and defendant The First National Bank of Jersey City on the other. Plaintiff's motion is actually for partial summary judgment, pursuant to R.R. 4:58, on the issue of liability. Defendant bank moves for summary judgment on the demands set forth in the complaint.
Plaintiff is an investment corporation engaged in the business of loaning monies. For the purpose of these motions the following facts are accepted as true. Commencing on June 14, 1962, one James Lane borrowed monies in varying amounts from plaintiff. To secure these loans he pledged certain certificates of stock as collateral. On November 7, 1962 Lane pledged 550 shares of class A common stock in defendant Mercury Photo Corp., a Delaware corporation, as security for a loan in the amount of $2,600. On November 26, 1962 he pledged 700 shares of the same stock as collateral for a loan in the amount of $4,000. On December 3, 1962 Lane delivered to plaintiff a certificate for 1,000 shares of class A common stock in Mercury, and received in return ten 100 shares of certificates of the same stock. The 1,000 share certificate had been duly endorsed by Nicholas Papadakos, the registered owner, and his endorsement was guaranteed by the Chase Manhattan Bank of the City of New York. On January 7, 1963, Lane pledged 1,000 shares of class A common stock in Mercury which was evidenced by a single stock certificate as collateral for a loan in the amount of $10,000. This certificate was endorsed by Bernard Karafa, the registered owner, whose signature was guaranteed by General Securities Co., Inc. and Eastern Investment Corporation.
On April 10, 1963 the class A common stock of Mercury, which was traded on the over-the-counter market, fell from 9 1/2 to 4. Lane having defaulted by failing to make payments on the loans, and further having failed to provide additional *183 collateral, plaintiff on April 25, 1963 presented the two certificates in question to defendant bank as transfer agent of defendant corporation for transfer of the shares into its name. When presented with the certificates for transfer, the bank refused to effect the transfer without approval of defendant Mercury. Such approval was not forthcoming, since it was the position of Mercury that the shares evidenced by the two certificates in question had been issued to Papadakos and Karafa for investment purposes only, and, not having been registered under the Securities Act of 1933 (15 U.S.C., §§ 77a et seq.), could not be the subject of an unrestricted transfer. No mention of the unregistered status of the shares was placed on the two certificates.
The present action was then instituted by plaintiff seeking the jurisdiction of this court to compel the transfer and for damages against defendants for wrongful refusal to transfer. At the pretrial conference the court was informed that defendant Bank had since resigned as transfer agent for Mercury, effective September 10, 1963. Concededly, then, any order of this court directing a transfer can be directed solely to defendant Mercury. The parties recognize, however, that the resignation of the bank as transfer agent cannot insulate it from any liability to plaintiff occasioned by the bank's action as transfer agent during the period of time referred to in the complaint.
In its answer, the bank asserted a cross-claim for indemnification against defendant Mercury, and a consent judgment was entered on September 11, 1963 pursuant thereto, adjudging that Mercury was obligated to indemnify and reimburse the bank for any damage which might be obtained by plaintiff against it by reason of the refusal to transfer.
Plaintiff's motion for summary judgment seeks to establish the liability of defendants to respond in damages for the refusal to transfer, leaving the issue of the quantum of damages for hearing. The cross-motion asserted by defendant bank seeks adjudication of this court that, as a matter of law and *184 under the facts indicated, it cannot be required to respond in damages to plaintiff.
There is no dispute but that this court, as a court of general equity, has the jurisdiction to determine questions of title in an action instituted to compel registration of transfer of stock certificates. At law it is generally held that a proceeding in lieu of mandamus to compel the registration of a stock transfer should not be granted where the claimant's title or right to the stock is disputed or unclear. The question as to title must be settled before mandamus will lie. State ex rel. Bush v. Warren Foundry and Machine Co., 32 N.J.L. 439 (Sup. Ct. 1868); Leff v. Kaufman's Inc., 342 Pa. 342, 20 A.2d 786, 139 A.L.R. 267 (Sup. Ct. 1941); cf. Trad v. Hodes, 72 N.J. Super. 306 (Law Div. 1962). The right to equitable relief, however, is based on the assumption that plaintiff's title under the assignments constitutes an equitable right only as between it and the company, and, therefore, equitable relief is necessary to enable plaintiff to acquire legal title in the shares by transfer on the books of the company. Lockward v. Evans, 88 N.J. Eq. 530 (Ch. 1918); Morris v. Hussong Dyeing Machine Co., 81 N.J. Eq. 256 (Ch. 1913); Reilly v. Absecon Land Co., 75 N.J. Eq. 71 (Ch. 1908); State ex rel. Bush v. Warren Foundry and Machine Co., supra.
Under the facts that have been established here through the moving papers, I am satisfied that plaintiff's motion for summary judgment must be denied since one major issue of fact remains in dispute, that being plaintiff's status as a bona fide purchaser without notice. Since plaintiff's right to the relief sought from this court, i.e., unrestricted transfer, clearly rests on its status as a bona fide purchaser without notice at the time that it acquired the certificates in question as collateral, the determination of the liability of defendants, or either of them, must abide the resolution of that question of fact. This conclusion appears to be so fundamental that no authority need be cited supporting it.
*185 Turning to the motion made by defendant bank, we are confronted with two opposing contentions as to the law applicable to the resolution of the question of liability. Both plaintiff and the bank concede that the law of Delaware applies to the rights and duties of defendant Mercury as issuer of the stock in question with respect to the registration and transfer of the same. This agreement stems from a reading of N.J.S. 12A:8-106 (Uniform Commercial Code  Investment Securities chapter). That section reads as follows:
"The validity of a security and the rights and duties of the issuer with respect to registration of transfer are governed by the law (including the conflict of laws rules) of the jurisdiction of organization of the issuer."
The parties also agree that in view of section 106, Delaware law must be applied to determine whether plaintiff acquired full legal title to the certificates by the manner of their delivery to plaintiff by Lane, and that the same law must be applied to determine whether plaintiff is a bona fide purchaser for value without notice of the certificates in question. Where the parties disagree is as to the law governing the liability of the bank as transfer agent for defendant corporation. Plaintiff argues that while the obligations of the issuer, Mercury, are to be determined under the law of Delaware in accordance with the provisions of N.J.S. 12A:8-106, the obligations of the transfer agent, the bank, by reason of the provisions of N.J.S. 12A:8-406, are the same as those of the issuer. Plaintiff concludes that under the Code both defendant corporation, as issuer, and defendant bank, as transfer agent, have equal obligations to security holders, regardless of which state's law is applicable to the case.
The bank, on the other hand, argues that since there can be only one registration of transfer of the stock on the books of defendant Mercury, this court cannot look to Delaware law to determine whether plaintiff may succeed as to Mercury and look to New Jersey law to determine whether plaintiff may succeed as to the transfer agent. The bank argues that this court must initially look to its own conflict of laws principles *186 to resolve the choice of law. These are found in N.J.S. 12A:8-106 with respect to Mercury as issuer. The bank then contends that by virtue of N.J.S. 12A:8-406(1)(b), which provides as follows:
"(1) Where a person acts as authenticating trustee, transfer agent, registrar, or other agent for an issuer in the registration of transfers of its securities or in the issue of new securities or in the cancellation of surrendered securities * * *
(b) he has with regard to the particular functions he performs the same obligation to the holder or owner of the security and has the same rights and privileges as the issuer has in regard to those functions."
the bank has the right, by referring to N.J.S. 12A:8-106, to have its substantive rights and liabilities governed by this controlling substantive law of the State of Delaware.
Should the bank's contention as to choice of law be accepted by this court, it is apparent that no liability for mere nonfeasance in failing to effect the transfer at the request of plaintiff can be visited upon it. Delaware has not enacted the Uniform Commercial Code, and its law governing the liability of transfer agents is such that a transfer agent cannot be held liable to the holder of the certificate or to the record holder of the stock for the refusal to transfer shares, since such refusal constitutes only nonfeasance for which the transfer agent is responsible only to its principal. 1 Christy, Transfer of Stock (3d ed.), § 281, p. 24:7; Fletcher, Cyclopedia of Corporations, § 5525, pp. 578-580; Restatement of Agency, 2d, § 357. Such was also the law of this jurisdiction prior to the adoption of the Uniform Commercial Code. See N.J.S. 12A:8-406 and the New Jersey study comment appended thereto.
I do not believe that defendant bank correctly construes N.J.S. 12A:8-406; this section is substantive and does not constitute a conflict of laws rule. In advancing its argument, the bank overlooks the full import of the provisions of this chapter of the Code. Apparently, it has ignored subsection (a) of N.J.S. 12A:8-406(1). The entire text of this subsection reads as follows:
*187 "(1) Where a person acts as authenticating trustee, transfer agent, registrar, or other agent for an issuer in the registration of transfers of its securities or in the issue of new securities or in the cancellation of surrendered securities
(a) he is under a duty to the issuer to exercise good faith and due diligence in performing his functions; and
(b) he has with regard to the particular functions he performs the same obligation to the holder or owner of the security and has the same rights and privileges as the issuer has in regard to those functions."
When subsection (b) is read in conjunction with subsection (a), as I believe it should be, it is at once apparent that the intent of the entire subsection (1) is to equate the obligation of a transfer agent toward the holder of a security with that of the obligation of the issuer. The net effect of this is to abolish the artificial concept formerly found in our law to the effect that an agent could not be held personally liable toward third parties for acts constituting mere nonfeasance. See, for example, Heuser v. Reilly, 128 N.J.L. 533 (Sup. Ct. 1942), affirmed Hauser v. Turteltaub, 129 N.J.L. 388 (E. & A. 1942). As I have stated, there is no dispute but that under N.J.S. 12A:8-106, the obligations of the issuer, Mercury, are in this case to be determined by the law of Delaware. Proper construction of N.J.S. 12A:8-406 dictates that the obligations of the transfer agent are the same as that of the issuer. Thus, the net effect of these two sections is to establish that the issuer and any of its transfer agents have equal obligations to security holders, regardless of which state's law is applicable to the case. Such a construction, in my judgment, fulfills the injunction contained in N.J.S. 12A:1-102 to the effect that the Code shall be liberally construed and applied to promote its underlying purposes and policies.
In view of my determination that under proper construction the law governing both defendants must be the same, defendant bank's motion for summary judgment must be denied.
An order may be presented denying the cross-motions for summary judgment on notice or by consent, this matter to be continued for plenary hearing solely on the issue of the status of plaintiff as bona fide purchaser.