883 So.2d 896 (2004)
John H. FARO, Appellant,
v.
CORPORATE STOCK TRANSFER, INC., Appellee.
No. 3D03-1683.
District Court of Appeal of Florida, Third District.
October 6, 2004.
*897 John H. Faro, in proper person; Robert H. Cooper, Aventura, for appellant.
Berliner McDonald and Martin M. Berliner (Greenwood Village, Colorado); Bruce C. King, Maria C. McGuinness, Carlton Fields, for appellee.
Before LEVY, FLETCHER, and RAMIREZ, JJ.
FLETCHER, Judge.
John H. Faro, who was the plaintiff in the circuit court, appeals that court's final judgment in favor of Corporate Stock Transfer, Inc, [CST] and an order denying Faro's motion to amend his complaint. We reverse and remand for amendment of the pleadings.
This matter began when a company named Music Tones, Ltd., Inc., entered into a reverse merger with Simplex Medical Systems, Inc. [Simplex Florida]. Upon merger the successor corporation changed its name to Simplex Technologies, Inc. [Simplex Colorado]. Pursuant to a share exchange agreement shareholders of Simplex Florida were entitled to submit their stock certificates in exchange for Simplex Colorado shares. CST was engaged by Music Tones as the transfer agent for the stock exchanges.
Faro submitted three Simplex Florida certificates (representing thousands of shares) to CST for exchange. CST complied as to two of the certificates by issuing stock to Faro. As to the third certificate, however, CST refused to acknowledge Faro's ownership interest on the stated basis that the corporate records did not reflect Faro's ownership of these shares. Faro filed suit, which ultimately resulted in our decision[1] determining that Faro was the owner of the disputed certificate (thus was entitled to a writ of mandamus compelling the exchange for the Simplex Colorado stock). CST ultimately issued the stock.
On return to the circuit court Faro sought to amend his complaint to seek damages from CST.[2] In opposition, CST contended that as a transfer agent it was only a deliverer and is not liable for any damages. The circuit court agreed with CST, declined the amendment, and entered judgment for CST, finding that the Florida Statutes[3] governing the obligations *898 of transfer agents did not place a duty on CST to comply with Faro's request for the stock exchange.
Chapter 678, Florida Statutes (1999) is part of the Uniform Commercial Code [U.C.C.] (Article 8) relating to investment securities. Part IV thereof, comprised of sections 678.4011-678.4071 (1999), governs security transfer registrations. Section 678.4011(2) provides:
"If an issuer is under a duty to register a transfer of a security, the issuer is liable to a person presenting a certificated security or an instruction for registration or to the person's principal for loss resulting from unreasonable delay in registration or failing or refusal to register the transfer."
Under similar language of former section 678.401(2), Florida Statutes (repealed by Ch. 98-11, sec. 25), the Fourth District Court of Appeal in Burtman v. Technical Chemicals and Products, Inc., 724 So.2d 672, 675-76 (Fla. 4th DCA 1999) concluded that "a proper reading of the statute is that the right to compel registration and the right to recover damages from the delay or refusal to register are cumulative remedies." Faro I, therefore, does not preclude an action for damages. Section 678.4011(2), however, only deals with "the issuer." CST is a "transfer agent." The question then is whether a transfer agent may be liable for its own delay, failure, or refusal. In that regard section 678.4071, Florida Statutes (1999) provides:
"A person acting as authenticating trustee, transfer agent, registrar, or other agent for an issuer in the registration of a transfer of its securities, in the issue of new security certificates or uncertificated securities, or in the cancellation of surrendered security certificates has the same obligation to the holder or owner of a certificated or uncertificated security with regard to the particular functions performed as the issuer has in regard to those functions."
On CST's urging the trial court held that section 678.4071 does not apply to CST. This had the effect of placing CST in the realm of the common law, pre-Uniform Commercial Code. At common law a transfer agent could not be held liable to a stockholder for damages for wrongful refusal to transfer shares, the theory being that the transfer agent serves only as agent for the corporation. See Kenler v. Canal Nat'l Bank, 489 F.2d 482 (1st Cir. 1973); Welland Investment Corp. v. First Nat'l Bank of Jersey City, 81 N.J.Super. 180, 195 A.2d 210 (1963).
Florida's and other states' adoption of the U.C.C., however, abrogated common law where adopted, thus having the salutary effect of encouraging more honesty and fair dealing by transfer agents (and others).[4] Common law having been abrogated, numerous states that have adopted the same U.C.C. provisions as adopted by Florida have concluded that a coextensive duty (with the issuer) has been placed upon the transfer agent, and that wrongful refusal by the transfer agent to register a requested transfer makes the agent liable to the damaged shareholder. See Kenler, supra (Maine); Welland, supra (New Jersey); Cohen v. Bankers Trust Co., 445 F.Supp. 794 (S.D.N.Y.1978)(Delaware & New York); Cowen & Co. v. Atlas Stock Transfer Co., 695 P.2d 109 (Utah 1984)(Utah). See also *899 12 William Meade Fletcher et al., Fletcher Cyclopedia of the Law of Private Corporations, § 5525 (perm.ed., rev.vol.2004).
We see no basis for a contrary interpretation and result here. Accordingly we reverse the final judgment and remand the case to the circuit court with instructions to permit Faro to amend his pleadings.
Reversed and remanded with instructions.
NOTES
[1] Faro v. Simplex Med. Sys., Inc., 748 So.2d 342 (Fla. 3d DCA 1999) [Faro I].
[2] Faro contends that the actual delivery time was such that the stock value had decreased from its value on the date it should have been delivered, a fact unknowable until actual delivery, thus he should have been permitted to amend his pleadings.
[3] Although Simplex Colorado is a Colorado corporation, therefore Colorado law might have governed Faro I, see American Sec. Transfer, Inc. v. Pantheon Indus., Inc., 871 F.Supp. 400 (D.Colo.1994), the parties relied upon Florida law. This court in Faro I applied Florida law.
[4] It has not always been sufficient encouragement. See, for example Bender v. Memory Metals, Inc., 514 A.2d 1109, 1112 n. 4 (Del. Ch.1986) wherein U.C.C. compliance was withheld for inappropriate personal gain. This attempt at unfairly advancing personal interests echoes Groucho Marx' coincidental observation: "The secret of life is honesty and fair dealingif you can fake that, you've got it made."