## CHARLES F. DURANT *vs.* CHARLES PALMER.

1. On a motion to non-suit, if the court deny the motion, the better practice is not to except to the decision of the court refusing the non-suit, but to except to the charge to the jury.

2. The tenant of premises is alone liable for a nuisance resulting from his own act or negligence in the use of the premises, but for a nuisance resulting from the structure of the building the owner is liable.

3. A municipal corporation is liable for injuries resulting from obstructions or holes in the streets or sidewalks wrongfully made or permitted by them, but the author of the obstructions is primarily liable to the party injured for the damages sustained; and for an injury resulting from an open hole or area in the sidewalk the owner of the premises is liable.

4. A point not raised on the trial cannot be made the subject of a bill of exceptions nor entertained in this court on writ of error.

5. Streets and sidewalks are presumed to be free from obstructions the full width, and if a person is injured by reason of excavations in them, he is not bound to show ordinary care, unless the defendant shows that the excavation was guarded by a light or railing, or in some other way, to warn the public of the danger.

6. Want of care or negligence on the part of the person injured is not in general to be presumed, but is to be averred and proved as matter of defence; and whether there was negligence or not, is a question of fact to be decided by the jury.

7. An open area in front of a building, built for the purposes of a stairway to the basement, belongs to the house, and both the owner and occupant are bound to render it safe to the public.

In error to the Hudson Circuit.

*Weart* and *Williamson*, for plaintiff in error.

*Winfield*, for defendant.

The opinion of the court was delivered by

HAINES, J. Palmer, the plaintiff below, brought his action against Durant, the defendant below, for a nuisance, in causing to be made and continued, without sufficient cover or railing, an open area, adjacent to the building of

Durant v. Palmer.

the defendant, into which the plaintiff, in the night time, fell and was injured.

In one count of the declaration it is averred that the defendant was the owner of the building and premises, with the appurtenances, and wrongfully made and caused to be made the hole or area in question. And in another count, that while such owner, he wrongfully permitted the hole or area to be and continue without sufficient protection by cover or railing.

On the trial, after the plaintiff had rested, the defendant moved to non-suit him; and on the motion being denied, he prayed a bill of exceptions, which was granted and sealed accordingly; and this is one of the exceptions presented for our consideration.

Without intending here to declare that a bill of exceptions cannot be taken upon the denial of a motion to non-suit, it is proper to suggest that the better mode of practice is not to seal the exception upon the refusal to non-suit, but to give the party the benefit of it in the charge to the jury through his exception to the charge.

The bill of exceptions in this case very properly presents the grounds upon which the motion to non-suit was made. One of those grounds is, that the plaintiff had failed to make out a cause of action against the defendant; that the action should have been against the tenant of the premises, and not against the defendant as owner.

There are cases in which the tenant alone is liable, but it is in those cases in which the nuisance results from some act or negligence of the tenant, and not of the landlord, as if he leave open a cellar door or a coal-hole, or suffer a nuisance to exist for want of repairs, which he, and not the landlord, is bound to make; but for a nuisance arising from the structure of the building the landlord is liable.

Another objection to the action is, that it should have been brought against the mayor and common council,

who, by their charter, have possession and control of the streets and sidewalks.

It is true that the corporation of a city is liable for injuries resulting from obstructions or holes in the streets or sidewalks wrongfully made or permitted by them. But it is equally true that the corporation is entitled to be indemnified by the author of the obstruction for the damages recovered, and that such author is primarily liable for the injuries sustained.

On the argument it was further urged that the plaintiff failed to show his right of action, because he did not prove that the defendant was the owner of the building adjacent to the place where the injury was received.

The point does not appear to have been raised in the court below, and is not stated in the bill of exceptions. There was some evidence of ownership indirectly given on the part of the plaintiff; and the defendant himself, when he took the stand, admitted it without hesitation. It is to be presumed, therefore, that the ownership was not questioned, and that the want of proof of it was not suggested on the motion to non-suit, and the question cannot be entertained here.

Another of the grounds of the motion to non-suit is, that the plaintiff had not proved that he had used such ordinary care as to entitle him to recover, even if the defendant had been guilty of the negligence charged.

This presents two questions—first, what is the ordinary care required in such case? and secondly, on whom is the burthen of proof respecting it?

The first question was determined by this court in the case of *The Central Railroad Company* v. *Moore*, 4 *Zab.* 824. Ordinary care was held to be that degree of care which may reasonably be expected from a person in the plaintiff's situation, and which is synonymous with reasonable care. And reasonable care requires that in all cases the precaution be proportionate to the danger of injury, and may vary with the circumstances of every case.

The question as to the burthen of proof has been much discussed, and the cases upon that point are somewhat in conflict; yet, upon the weight of authority and upon principle, it seems to be very clear of doubt.

As a general rule, there can be no recovery in such action when the want of ordinary care is proved. If it appear by the plaintiff's own case, he must of course be non-suited; for then he supplies his adversary with what is usually a matter of defence. But he is not bound to prove affirmatively that there was no want of ordinary care on his part; for that would be equivalent to saying that the law presumes that the person injured contributed by his negligence to the accident, and that such presumption, unless overcome by positive proof, is of itself sufficient to defeat a recovery. The want of ordinary care is negligence, culpable negligence, not to be presumed, but to be proved by the party who avers it. In general, it is a matter of defence, to be shown affirmatively by the defendant, and then it presents a question of fact for the jury. In this case it is insisted that the negligence or want of due care was shown by that part of the plaintiff's testimony in which he said, "I saw hats in the side window (of the store,) but could not see their size and shape well; and I stepped closer, and when I went to step towards the window I stepped into the area; I did not look down to the sidewalk to see if there was a hole there; I did not suppose there was a hole there."

The sidewalk was fifteen feet wide, excepting in the part along the area, which occupied five feet of it. And it is insisted that the plaintiff was bound to walk within the space of ten feet left by the area, and that he was guilty of negligence when he attempted to approach the window to look into it. But this position is not tenable. The street, and every part of it, by force of the common law, is so far dedicated to the public that any act or obstruction that unnecessarily incommodes or impedes its lawful use by the public is a nuisance.

The traveling public have a right to suppose that there is no dangerous impediment or pitfall in any part of it, without a light placed to give warning of it or a suitable railing to protect from it.

The deviation from the middle of the sidewalk is not necessarily an act of carelessness, nor is the looking in at a store window conclusively an act of trespass or of negligence. They may be so or not, according to the peculiar circumstances of the case. They are matters of fact, to be submitted to the jury under the directions of the court, but they do not constitute sufficient ground of non-suit.

The second bill of exception presents, in another form, the question of the liability of the defendant.

The court was requested to charge that the city alone was responsible to the public for the secure and safe condition of the streets, and the refusal so to charge is assigned for error.

We have already seen that while the city is liable, the person who unlawfully causes or permits a nuisance is also responsible for the injury sustained.

It was further excepted that the court charged the jury that an area belongs to the house, and that the law imposes upon the occupant the duty of rendering it secure.

The fact was undisputed that there was a depression in the ground on which the house was afterwards built, and where the area was made; that the city authorities had caused the street to be graded and raised so as to leave a hollow of about five feet in depth; that the defendant built the house, and that the area was made seven and a half feet deep and four feet wide, with a perpendicular wall and a stone coping. The defendant testified that areas are made for steps to the basement and to protect the building from dampness, and that this area was intended for steps down the entire way. If so, it surely belonged to the house, and both the owner and occupant are required to render it safe to the public. The defendant, as the owner of the building, had caused or permitted

Durant v. Palmer.

the area to be made.   If he continued in possession of that part of the premises, he was liable both as occupier and owner.   If he had leased it with the store, he was still liable as the owner, continuing the nuisance and receiving rent as the consideration for it.

The third and remaining bill of exceptions presents the further objection to the charge, in which it was declared that the defendant had knowledge of the dangerous condition of the sidewalk, and also that, in approaching the window to look through it, the plaintiff was not a trespasser, so as to deprive him of his right of recovery.

The subject of the first part of this exception relates to a question of fact, which was proved by the defendant himself, to wit, that he built the house, and that the area was of the precise width of five feet, the wall built up and covered with coping.   If this was true, the defendant certainly knew of the existence of the area and its condition, and it was no error that the judge, in speaking of it to the jury, should treat it as a fact, unless there was reason to question the truth of the defendant's testimony.

That the plaintiff, in approaching the window, to look through it, was not necessarily a trespasser, so as conclusively to deprive him of his right of recovery, has already been considered and shown to be correct.

There is no error manifest in the proceedings of the court below, and the judgment must be affirmed, with costs.

*For affirmance*—The CHANCELLOR, the CHIEF JUSTICE, and Judges BROWN, ELMER, HAINES, VREDENBURGH, COMBS, and WOOD.

*For reversal*—Judges VAN DYKE and KENNEDY.

CITED *in N. J. Express Co.* v. *Nichols,* 3 *Vr.* 168; *Temperance Hall* v. *Giles,* 4 *Vr.* 264; *N. J. Express Co.* v. *Nichols,* 4 *Vr.* 438; *D., L. & W. R. R. Co.* v. *Daily,* 8 *Vr.* 528.