ALBERT FORT, AN INFANT, BY LOUIS FORT, HIS NEXT FRIEND, RESPONDENT, v. REID ICE CREAM COMPANY, APPELLANT.

Submitted December 11, 1922—Decided February 1, 1923.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"The fundamental proposition argued by the defendant, and on which practically all the argued grounds of appeal are based, is that the plaintiff was not, in contemplation of law, invited by the defendant upon that portion of the defendant's premises where he met with the accident, on account of which he now sues. If this proposition be resolved against the defendant, *i. e.,* if it be made to appear that the jury was entitled to say that he was entitled to be at that place at that time, then most of the questions arising are disposed of, with the exception of the claim of contributory negligence.

"The defendant company had taken over and was in partial possession of a manufacturing plant and office building on the corner of Eighth and Provost streets in Jersey City.

This plant had been used by the Borden Milk Company, and by an arrangement between that company and the defendant was being taken over by the defendant to be altered into and used for the ice cream factory. The building generally consisted of a square office building on the corner, and beyond that a long loading platform constituting the first story of the factory building, with the usual openings for receipt and delivery of goods from wagons or automobiles, and back of the platform what was known as the manufacturing department. Access to the manufacturing department seems to have been through two passageways, one running at right angles to Eighth street close to the office building, being about six feet wide and ten feet high and apparently open throughout its length, except that midway it was broken by an elevator shaft into which, as it happened, the plaintiff fell and sustained the injuries in question. There seems to have been another passageway further down the street, but that does not figure in the case, except that it existed as an alternative method of reaching the back of the building. The practice with regard to the elevator, as testified to, was that when not actually in operation, it was kept stationary at the level of this main platform and the general passageway, that it had doors both front and back, and that when the elevator was not moving both these doors would be left open so as to afford a continuous passage through the passageway and the elevator as part of that passage, from all of which it seems plain that any person properly entering the building at the front of the platform, and having business in the manufacturing department in the rear, could be said by the jury to have been legally invited to use that passageway as the regular and ordinary means of access. At the time of the accident the Borden Milk Company had not entirely vacated the premises, and, consequently, the defendants had not entirely assumed control; it may be said that both of these corporations were in partial control, but the only effect of this is that both might be liable for a lack of care to a person invited on the premises by either.

"Now, with respect to the plaintiff's invitation, the facts, as the jury might find them, were that plaintiff's father was an electrical contractor who had been employed by the defendant to install and put in order certain electrical apparatus in the manufacturing department at the rear of the platform, and that, certain materials being needed for that work, the plaintiff's father sent the plaintiff with a delivery car and the appliances in question loaded thereon to deliver them at the job. Plaintiff went down to the plant, and, as it would seem, quite naturally placed his automobile at the platform, and not having been there before, started to find out where the supplies were to be delivered, and seeing through the passageway the lights burning at the rear, and assuming correctly as it happened, that that was where the materials were needed, started through the passageway unaware of the fact that the elevator was not in position, and that there was a yawning shaft concealed by the semi-darkness of the place, and fell down into the basement.

"We have no hesitation in saying that, under the circumstances, the jury were clearly entitled to say that he was invited there, and were entitled to infer negligence of the defendant from the fact that the elevator was not in place, and that no provision was made to guard against anyone falling into the shaft when it was out of place. It does appear that there were collapsing gates at the entrance of the shaft, and that they were out of order and not in use.

"The question of contributory negligence of the plaintiff was clearly for the jury. In the absence of any knowledge or reason to know that there was an open hole at that point, he was not required, as a matter of law, to keep his eyes on the floor. This disposes of the main features of the case.

"We have examined the request to charge preferred by the defendant, and which, it is claimed, it was error to refuse, and that is covered by what has already been said.

"The defendant's last point is that the court charged the jury if they believe the evidence of the plaintiff as to a certain situation, then plaintiff was an invitee, but on examin-

ing the language cited, we find that this was not the effect of the charge; on the contrary, that the court stated the plaintiff's claim was such and such a claim, and, if substantiated, then he was an invitee, which was correct.

"The case of *Guse* v. *Martin,* 114 *Atl. Rep.* 316, is relied on by the defendant, but that case is not in point, as an examination of the circumstances recited therein will show.

"The judgment will be affirmed."

For the appellant, *Marshall Van Winkle* and *Frank G. Turner.*

For the respondent, *Robert Carey.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, BERGEN, MINTURN, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 13.

*For reversal*—None.