ALLWIN P. SCHAEFER. PLAINTIFF-APPELLEE, v. COL-LEONI REALTY COMPANY, A CORPORATION, DEFEND-ANT-APPELLANT.

Submitted January 15, 1926—Decided May 4, 1926.

**Negligence—Injury to Plaintiff by the Operation of Defendant's Elevator—Plaintiff, a Plumber, was Employed by Defendant's Lessee to Repair a Lavatory—The Repairs, in the Plaintiff's Judgment, Required His Presence in the Elevator Shaft, When He Directed Operator Not to Run Car While He was at Work—Car was Operated and Plaintiff Injured—Question a Close One, But the Trial Judge's Opinion that Plaintiff was a Licensee, and was Within the Law of Invitation, Sustained.**

On defendant's appeal from the District Court.

Before Justices PARKER, MINTURN and BLACK.

For the plaintiff-appellee, *Edward R. McGlynn.*

For the defendant-appellant, *Edwards & Smith.*

PER CURIAM.

This is an accident case tried before the District Court without a jury. The principal, if not the only question involved, is whether the trial judge sitting as a jury was entitled to find that the plaintiff was, in a legal sense, invited to be in the place where he was when injured.

The defendant was the owner of a building having an elevator operated by a servant of the defendant. It rented the front basement of the building for restaurant purposes to two partners named Lovey & Formaz, the demised premises including a kitchen and a lavatory, and the lessees of these premises were obligated by the lease to keep the premises in sufficient repair on pain of forfeiture. The lavatory contained, among other things, a wash basin which was attached to a wall, and the wall in question was one of those that enclosed the bottom of the elevator shaft; but this elevator shaft was not on the demised premises, the wall of the lavatory separating them, as already stated.

The wash basin worked loose from the wall, and the restaurant people, being obligated to repair, sent for the plaintiff, who was a plumber, to attend to the repairs and make the wash basin secure. Plaintiff on inspecting the basin concluded that the fastenings of the wash basin were insufficient, and that, in order to make a proper job, it would be advisable to run two or more bolts entirely through the wall and set up the nuts on the other side of the wall where the elevator worked. Accordingly, the plaintiff bored his holes through the wall, inserted his bolts and prepared to screw up the nuts on the other side. According to his testimony, he warned the operator of the elevator that he was going to be at work at the foot of the shaft, and not to run the elevator at all until the plaintiff had made his bolts secure. The evidence is not in accord as to just what the plaintiff said to the elevator man, the latter claiming that he was simply warned not to run the elevator down; but the plaintiff's testimony was that the elevator was not to be moved at all unless the plaintiff was previously notified, so that he could get into a place of safety. The trial judge evidently took this theory of the case. Plaintiff accordingly went into the shaft and was screwing up the nuts on his bolts when the elevator without warning went up and the counterweight came down on the plaintiff's arm, inflicting the injury for which he sued.

The substantial defense in the case was that plaintiff was a trespasser, or, at best, a licensee so far as concerned the defendants, and, consequently, that they owed him no duty of care. The judge took the other view and held for the plaintiff.

The case is a close one, but we incline to think that there was no legal error in the judge's finding. If proper repairs to the wash basin called for bolts instead of screws, and this was a question of judgment on the part of the plaintiffs, then it would seem that the tenants were not only authorized but required to enter the elevator shaft to such reasonable extent as was necessary or convenient to make these bolts fast, and if they were authorized to do so, they were authorized to employ a proper workman to do this for them. If so, the plaintiff was rightfully there and within the scope of the law of invitation, and in this situation the case is indistinguishable from *Harmer* v. *Reed Apartment Co.*, 68 *N. J. L.* 332.

The judgment will be affirmed.