Plaintiff appeals from a judgment entered against her in the Monmouth County Court, Law Division, upon the verdict of a jury, in a suit to recover damages for injuries alleged to have been sustained by her by reason of the negligence of defendant.
Plaintiff alleged that she was a patron of the defendant on July 11, 1946, and while entering a bathroom and toilet she slipped and fell by reason of the dangerous and unsafe condition of the floor. She testified:
"A. I walked in and there was a rug there and as I stepped on the rug the rug started to slide and that's how I started to slide until I fell down.
"Q. Can you tell me when you entered the bathroom how many steps into the bathroom you took, if any, when you fell? A. I believe it was the steps as soon as I got in."
On cross-examination, she said:
"Q. And you took one or two steps into this hallway? A. That's right."
Plaintiff produced as witnesses, her son and his father-in-law, who testified that they examined the room shortly after *Page 80 
the incident and found the floor to be saturated or soaked with oil, and that the rug had been thrown to the corner of the bathroom.
Defendant produced the manager and a nurse, who testified that there was no oil on the floor of the bathroom. The manager testified that no throw-rugs were used in the hallways of the bathroom.
A single question is raised on this appeal, namely, that the trial judge committed reversible error in charging the jury on contributory negligence.
Plaintiff's argument is that there was no evidence from which the jury could find the plaintiff guilty of contributory negligence, and, therefore, the question should not have been submitted to the jury.
The universal rule is that where a person is injured through the alleged negligence of another person, it is not necessary for the defendant to offer testimony of the plaintiff's failure to exercise reasonable care, but, as was said in Solomon v. Finer,115 N.J.L. 404 (Sup. Ct. 1935), "The test is whether an ordinarily prudent person would, under the same or similar circumstances, have incurred the risk which such conduct involved; and where reasonably careful men might differ in the appraisement of the conduct, in the light of this principle, the question is one for the trier of the facts." Citing cases.
So here, plaintiff testified she slipped upon a rug which slid on "the slippery floor." Plaintiff opened the door and walked in without, so far as the record indicates, making any observation. Whether under these facts, she exercised reasonable care for her own safety was a question for the trier of the facts. There is no complaint as to the language used by the trial court, but only that the question of contributory negligence was left to the jury. There was no error in this respect.
The judgment will be affirmed. *Page 81