I agree with the conclusion reached by the majority opinion concerning the defendant, *Page 43 
The Standard Oil Company. However, I am constrained to dissent from the determination to affirm the judgment under review with respect to the other defendant, Mildred Naught, T/A Hi-Way Service Station.
Plaintiff was injured on July 2, 1947, as a result of falling into a grease pit located in a service station adjacent to and on the right side of the Howard Johnson Restaurant on the highway in Woodbridge, New Jersey. The service station was owned and constructed by defendant, Standard Oil Company, and operated by its lessee, the defendant, Mildred Naught. The testimony shows that the grease pit was located within the enclosed walls of the service station and that the forward portion of the pit was only 15 to 20 inches from the entrance door of the station. There was no guard rail or other protective device across the front of the pit, or other notice of its presence.
On the morning of July 2, 1947, plaintiff stopped at the Howard Johnson Restaurant. The restaurant was not yet open and plaintiff walked over to the service station to purchase some cigarettes and to telephone his office. As he approached the service station entrance, he saw a door at the right side of the pit as he approached it, leading into the office from the service room. He stepped through the entrance while he was looking at the office door, and without looking on the floor of the room. At that moment he fell into the pit and was injured.
The court below directed a verdict in favor of the defendant, Standard Oil Company. The jury returned a verdict of no cause for action as to the defendant, Mildred Naught. Plaintiff contends that the court committed prejudicial error in charging defendant's requests to charge numbers 6 and 7.
As I have already indicated, I feel that court properly directed a verdict as to the Standard Oil Company, but that it erred in its charge concerning Mildred Naught.
It is important to note that the plaintiff was an invitee of the defendant, Mildred Naught. The evidence indicates that the plaintiff went to the station to buy cigarettes and to make a phone call. Although defendant did not sell *Page 44 
cigarettes, she did have a public "pay station" telephone from which she received a commission from the telephone company. Under these circumstances, I feel that the plaintiff was an invitee.
In charge number 6 the court stated:
"Should you find that the alleged defective condition of the premises consisted of a device or pit contained within a room specifically provided for it and should you find that the said pit was open to view and not concealed and that had plaintiff looked he must have seen it, then he is guilty of contributory negligence as a matter of law and you must find in favor of the defendant."
The effect of this charge was to impose as a matter of law an obligation upon plaintiff to look at the pit, and, since plaintiff's own testimony was that he did not look at or see the pit, the jury, under this charge, was in effect instructed to return a verdict for the defendant. The majority opinion indicated that even though the jury had no alternative under the charge, that this was not error because they feel that the plaintiff was guilty of contributory negligence and the court might well have directed a verdict for the defendant on this ground. The effect of this decision is to impose a duty upon all plaintiffs to make an observation under all circumstances.
The court below was, at any rate, very inconsistent. It purported to let the case go to the jury, and in its charge effectively took the case from the jury. I feel that the question of whether plaintiff was guilty of contributory negligence under the circumstances present herein was a matter for the sole determination of the jury. A plaintiff does not always have a duty of inspection.
In Mahnken v. Board of Chosen Freeholders of Monmouth County,62 N.J.L. 404 (E. A. 1898), plaintiff was riding a bicycle and stopped on a bridge and began to dismount. She did this by stepping upon a timber guard. While in the act of thus stepping down upon the floor of the bridge, her foot went through an opening therein 9 inches long and 5 inches wide, which had been left along the timber guard. A nonsuit was ordered on the ground that the danger was *Page 45 
an obvious one which plaintiff must have seen, if she had been in the exercise of ordinary care.
In reversing the court below, the court stated:
"It cannot be said that the plaintiff actually saw the opening in question or even knew of the existence of any of these openings, for her uncontradicted evidence is that she did not. And on the question of whether she is to be held liable for imputed knowledge on the subject, on the ground that she must have seen them if she had looked, the further principle of law is pertinent that it is not negligence per se for a traveler on foot or upon a vehicle to lift his eyes from the path he is traveling where there are other objects that may attract his attention.
"In Durant v. Palmer, supra [29 N.J.L. 544] which was a suit to recover damages for injuries sustained by falling into an unguarded excavation which was within the line of the street and adjacent to a building of the defendant, in the night-time, the plaintiff had deviated from the middle of the pavement to look at some goods in a store window, and failing to look down and observe the excavation, he stepped into it. It was argued that thereby the plaintiff was culpably negligent and could not recover, but in the opinion of this court it is held that `the deviation from the middle of the sidewalk is not necessarily an act of carelessness, nor is the looking in at a store window conclusively an act of trespass or negligence. They may be so or not, according to the peculiar circumstances of the case. They are matters of fact to be submitted to the jury under the direction of the court, but they do not constitute sufficient ground of nonsuit.' This doctrine is sanctioned in Houston v.Traphagen [47 N.J.L. 23] and in Sheets v. Connolly RailwayCo., 25 Vroom 518."
In Fort v. Reid Ice Cream Co., 98 N.J.L. 559 (E. A.
1922), the court stated:
"The question of contributory negligence of the plaintiff was clearly for the jury. In the absence of any knowledge or reason to know that there was an open hole at that point, he was not required, as a matter of law to keep his eyes on the floor."
Likewise in Groener v. F.W. Woolworth Co., 131 N.J.L. 311
(E. A. 1944), when a woman reaching for an article on the wall fell down a flight of stairs which she did not see, the court said:
"It was * * * likewise a question of fact whether she was guilty of contributory negligence in failing to observe the condition there existing. MacDonough v. F.W. Woolworth Co.,91 N.J.L. 677." *Page 46 
A more recent case enunciating the principle that it is not always incumbent upon a person to make an observation is the case of Goldstein v. Hotel Altman, 4 N.J. Super. 78 (Super A.D.
1949), wherein plaintiff, an invitee, entered a bathroom on the premises of defendant and fell when a throw rug on which she stepped slipped. The court stated:
"Plaintiff opened the door and walked in without, so far as the record indicates, making any observation. Whether under these facts, she exercised reasonable care for her own safety was a question for the trier of fact."
See also Sutton v. Lerner Stores Corp., 10 N.J. Misc. 1126
(Sup. Ct. 1932); Hansen v. Brown, 123 N.J.L. 223 (E. A.
1939).
As this line of cases clearly indicates, a duty is not always imposed on a person to make an observation of the existing circumstances.
In the case under review the plaintiff stated that he was looking at the office door at the time he fell. This may or may not have been contributory negligence. However, it is a circumstance upon which reasonable minds may differ. In such a case the question is clearly one for the jury. There was no placard or other appliance to call attention to the pit. Plaintiff's attention was directed to some other object. It is not negligence per se for a traveler on foot to have his attention focused on an object. Whether his failure to observe the pit amounted to culpable negligence under the circumstances of this case, is, I feel, a jury question which the jury should have been permitted to decide.
Charge number seven, which likewise imposed a duty on plaintiff to make an observation under the circumstances mentioned above, is, I feel, likewise defective for the reasons mentioned above.
I conclude that the judgment under review for defendant, Mildred Naught, t/a Hi-Way Service Station should be reversed. *Page 47